UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA FALCON-EGGERT,

        Plaintiff,                      Civil Action No.
                                                  13-CV-13172

vs.

                                                  HON. MARK A. GOLDSMITH

MICHIGAN DEPARTMENT OF
HUMAN SERVICES, et al.,

        Defendants.
_____/

## ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT KAY ANDRZEJAK

This matter is presently before the Court in light of Plaintiff Victoria Falcon-Eggert's response to the Court's Order to Show Cause. Plaintiff filed this employment action against Defendants Michigan Department of Human Services (DHS), Kay Andrzejak, and Deborah Walbecq on July 24, 2013. See Complaint (Dkt. 1). Summonses were issued for all three Defendants on July 25, 2013. Summonses (Dkts. 4-6). Plaintiff filed Certificates of Service for Defendants DHS and Walbecq on August 8, 2013 (Dkts. 7-8); those Defendants filed an answer to the complaint on August 27, 2013 (Dkt. 9), and an amended answer on September 17, 2013 (Dkt. 10).

As of December 9, 2013, there was no indication whether the remaining Defendant — Kay Andrzejak — had been served. Accordingly, the Court issued an Order requiring Plaintiff to "SHOW CAUSE, in writing, by 12/16/2013, why the above-entitled case should not be dismissed for failure to prosecute, pursuant to E.D. Mich LR 41.2." Order to Show Cause (Dkt. 11).

Plaintiff filed her response on December 17, 2013 (Dkt. 12). Plaintiff claims that

1

"[s]ervice letters with the Summons and copies of the Complaint were sent on July 29, 2013 to . . . Kay Andrzejak," but that the United States Postal Service returned the mailing as undelivered for an unknown reason. Id. at 2. The Postal Service allegedly re-tried delivery thereafter, but it was returned again as undeliverable two days before the summons expired. Id. Plaintiff's counsel also notes that he "attempted personal service on Ms. Andrzejak but was unable to locate and serve her prior to the expiration of the summons due to the inexplicable delay from the USPS." Id. Plaintiff's counsel did not request an extension of time to serve the summons, however, nor did he request alternative means of service, such as publication. To date, Defendant Andrzejak has not been served. Id.

Plaintiff contends that "[d]ue to the multiple Defendants in this matter, two of whom, Walbecq and DHS, have been served and have filed an Answer to the Complaint, this matter should not be dismissed in its entirety for failure to prosecute and should continue as against Walbecq and DHS." Id. at 3. Implicit in this statement is Plaintiff's acknowledgement that dismissal of Defendant Andrzejak is appropriate. The Court agrees. Although Plaintiff details the efforts to serve Defendant Andrzejak before the summons expired, Plaintiff did not request that the time for service be extended or that alternative service be granted. Instead, it appears that the action against Andrzejak would have continued to lay dormant but for the Court's Order. Indeed, Plaintiff's response to the Order contains no description of Plaintiff's anticipated next steps with respect to Defendant Andrzejak, but instead appears to concede that dismissal is appropriate. Accordingly, Defendant Andrzejak is dismissed without prejudice. See Fed. R. Civ. P. 4(m); Local Rule 41.2. The case may continue as to the remaining Defendants — DHS and Walbecq.

SO ORDERED.

Dated:  December 18, 2013                    s/Mark A. Goldsmith
        Flint, Michigan                      MARK A. GOLDSMITH
                                             United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2013.

                                             s/Deborah J. Goltz
                                             DEBORAH J. GOLTZ
                                             Case Manager